Milwaukee County, Appellant, vs. State Department of Public Welfare, Respondent.

*September 14—October 9, 1956.*

For the appellant there was a brief by *William J. McCauley,* district attorney, *Oliver L. O'Boyle,* corporation counsel, and *Robert P. Russell,* assistant corporation counsel, and oral argument by *Mr. Russell.*

For the respondent there was a brief by the *Attorney General* and *Stewart G. Honeck,* deputy attorney general, and *Beatrice Lampert,* assistant attorney general, and oral argument by *Mrs. Lampert.*

BROADFOOT, J.    All references herein to statutes are to the statutes of 1951.  Sec. 49.04, Stats., reads as follows:

"(1) From the appropriation made in section 20.18 (10) the state shall reimburse the counties for the relief of all dependent persons who do not have a settlement within any county in this state and who have resided in the state less than one year.

"(2) The state department of public welfare shall make suitable rules and regulations governing notification of reimbursement charges, the relief to be provided, the presentation of claims for reimbursement, and other matters necessary to the provision of relief to such state dependent persons. The observance of such rules and regulations by a county shall be a condition for reimbursement.

"(3) The presentation of a claim for reimbursement shall be accompanied by a verified copy of the sworn statement

required by section 49.11 (1), and an affidavit that diligent effort was made to ascertain the facts relating to the dependent's legal settlement and period of residence in the state, and reciting such other facts as the department requires. If the department is satisfied as to the correctness of the claim it shall certify the same to the director of budget and accounts for payment to the county entitled thereto. Any necessary audit adjustments for any month of the current or prior fiscal years may be included in subsequent certifications.

"(4) Any county aggrieved by the disallowance of its claim for reimbursement hereunder may petition the department for a hearing which shall be accorded after due notice. The department may of its own motion order such investigation and hearing as it deems necessary. Such hearing shall be governed by chapter 227."

The applicable rule promulgated by the State Department of Public Welfare under sub. (2) of said statute is sec. 3 of Rule 17, which appears in the Wisconsin Red Book, Administrative Rules and Orders (6th ed. 1950), 448, 449. Said section reads as follows:

"Section 3. *Notification to state.* When a county grants relief or reimburses a municipality for relief accorded a person as a state dependent its county clerk shall file with the state department of public welfare a verified copy of the sworn statement taken under section 49.11 (1), Stats. 1945, together with an affidavit that diligent effort has been made to ascertain the facts relating to the dependent's legal settlement and period of residence in this state and stating the facts relating to such settlement and residence. The sworn statement of the relief recipient (or other person) under sec. 49.11 (1), Stats., must be taken at the time relief is granted, but the verified copy thereof and the clerk's affidavit of investigation on form AD–256 should be filed together, and the filing with the state department is not limited to twenty days as otherwise provided for the filing of nonresident notices under sec. 49.11 (3), Stats., as between counties and municipalities."

There is no claim that this rule was not complied with. It is admitted that Jennie Hall had resided in the state less than one year prior to her admission to the hospital; that she did not have a legal settlement within any county in this state at the time; and that she was a dependent person as defined in sec. 49.01 (4), Stats.

Following the hearing, the State Department of Public Welfare determined that the only agency in Milwaukee county authorized by statute to grant, furnish, and authorize the kind of aid furnished Jennie Hall as relief was the Milwaukee county department of public welfare. It further determined that the aid furnished Jennie Hall was not granted, authorized, or furnished by the Milwaukee county department of public welfare as relief. The circuit court affirmed these determinations.

The welfare program in Milwaukee county is necessarily larger and more complex than that in any other county in the state. Sec. 46.21, Stats., provides for a county board of public welfare in Milwaukee county. Such board is charged with supervising the operation of each of the county welfare institutions and departments, including a county department of public welfare. The board itself is a policy-making board, and it is required to appoint a director of county institutions and departments, and said director is vested with all of the administrative and executive powers of managing the several institutions and departments, including the county department of public welfare.

It was stipulated at the hearing that neither the director of the public welfare department of Milwaukee county nor any person in his employ authorized the admission of Mrs. Hall to the Milwaukee County General Hospital at any time. It was further stipulated that neither the director of the department of public welfare of Milwaukee county nor any person in his employ took any action with respect to the claim

involved except to file with the State Department of Public Welfare the data supplied to him by the staff of the director of Milwaukee county institutions and departments.

The Milwaukee County General Hospital and its dispensary-emergency unit have a division known as the social service department. Personnel from that department are stationed at each unit. Many persons other than those who are dependent or eligible for poor relief are admitted to the emergency unit. They are only transferred to the County General Hospital after a preliminary investigation, which is continued after they reach the County General Hospital. This procedure is authorized under general rules adopted by the county board of public welfare and is supervised by the director of county institutions and departments.

In the case of Jennie Hall it was determined that she was a nonresident without funds or property. Nonresident poor notices were taken as provided by sec. 49.11, Stats. The first such notice was signed by Mrs. Hall on November 3; 1951, and the second on December 4, 1951. These nonresident poor notices were filed with the county department of public welfare. Later they were transmitted to the state department with the claims and supporting data required by its rules. In support of the claims was filed form AC–312, an official form of the State Department of Public Welfare. At the bottom of the blank appeared a line for signature by the official authorized to grant relief. These blanks were signed by Arthur Silverman of the social service department and also by J. E. Baldwin, director of the Milwaukee county department of public welfare. It is true that the stipulation above referred to stated that in preparing the claim he used data supplied to him by the staff of the director of county institutions and departments.

The state rests its entire case on the point that the admission of Mrs. Hall to the hospital was not authorized by the director of the county department of public welfare. That is

admitted, but there is no stipulation that he did not authorize the relief subsequently given. We believe that the state's position is arbitrary and that it would require a duplication of services that would result in much added and unnecessary expense to Milwaukee county. The record does not so show, but we can assume that the department of public welfare in Milwaukee county is not located in the hospital. To comply with the state's position it would be necessary that the department of public welfare maintain personnel in the emergency unit and in the hospital to make investigations and to authorize relief if a person is found otherwise to be eligible, or to send its employees to the hospital frequently. Certainly the director could delegate this work to employees of an interrelated department, all of whom are under the supervision of the director of county institutions and departments. When he received the information from the welfare investigators at the hospital and later participated in the filing of the claims, there is a presumption that he authorized the relief. The only thing to the contrary in the record is contained in the stipulation that he did not authorize the admission of Mrs. Hall to the Milwaukee County General Hospital.

The determination by the department that the aid furnished Jennie Hall was not authorized by the Milwaukee county department of public welfare as relief is not supported by the record. Even though there was evidence to support that determination, under the legislative plan for the handling of welfare matters in Milwaukee county such approval can be given by the director of county institutions and departments. If an act can be authorized by a junior officer surely that act can be authorized by his superior.

It is clear from the statute that the legislature determined that the state be responsible for relief furnished by a county to dependents who do not have a legal settlement within any county in this state and who have resided in the state less than one year. It so stated and made an appropriation for

carrying out the obligation of the state. The county furnished the relief and the claims should be paid.

*By the Court.*—Judgment reversed. Cause remanded, with directions to enter a judgment in favor of Milwaukee county and directing the State Department of Public Welfare to allow and pay the claims.